**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| DARNELL WALKER, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-1212 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JAMES E. DZURENDA, et al., | : | |
| Defendants. | : | |
| | : | OCTOBER 1, 2015 |
| | : | |

**INITIAL REVIEW ORDER**

The plaintiff, Darnell Walker, currently incarcerated at the MacDougall-Walker

Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under section 1983

of title 42 of the United States Code. The complaint was received by the court on August 12,

2015, and the plaintiff's motion to proceed *in forma pauperis* was granted on August 17, 2015.

The plaintiff names eight defendants, Deputy Commissioner James E. Dzurenda, District

Administrator Angel Quiros, Warden Maldonado, Lieutenant John Doe, Correctional Officer

John Doe, Dr. Carson Wright, Health Services Director Richard Furey and Director of Legal

Affairs Sandra Sharr. All defendants are named in their individual and official capacities. The

plaintiff contends that defendant Doe used excessive force against him, that defendants

Dzurenda, Quiros, Maldonado and Sharr were made aware of the incident but failed to take

corrective action, and defendants Wright and Furey failed to provide proper medical treatment.

Under section 1915A of title 28 of the United States Code, the court must review prisoner

civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails

to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the

truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.      Allegations

On October 9, 2012, the plaintiff was confined on in-cell restraints. At approximately 6:45 p.m., defendant Lieutenant Doe ordered a black box applied. The black box is applied to an inmate's wrists over the tether chain which attached handcuffs to leg shackles. When the black box is utilized, the inmate's ability to move his hands up, down or from side to side is impeded. Defendant Correctional Officer Doe applied the black box. He wrapped the tether chain around the black box to such a degree as to cause pain in the plaintiff's waist and lower back area resulting in numbness to the plaintiff's "legs and subconsciousness." Defendant Lieutenant Doe supervised the application. Defendants Dzurenda, Quiros, Maldonado, and Sharr learned of the incident but failed to investigate and even denied that it had occurred. No one took action to remedy the wrong.

The plaintiff requested medical attention for lower back pain that prevented him from

standing upright and walking for days at a time. The plaintiff states that he experienced severe

pain in his waist and neck areas following the incident. Defendant Wright has denied "proper

treatment." Defendant Furey was made aware of the plaintiff's need for medical treatment

through multiple health services review forms and appeals. Defendant Wright admitted that he

did not know what was wrong with the plaintiff. Although the plaintiff's condition worsened, he

was not sent for any testing to diagnose his condition. Defendants Wright and Furey refused to

refer the plaintiff to a specialist.

II.    Analysis

The plaintiff asserts claims for use of excessive force, supervisory liability, deliberate

indifference to serious medical needs, and conspiracy.

To state a claim for conspiracy, the plaintiff must allege an agreement to act in concert to

inflict unconstitutional injury and an overt act done in furtherance of the agreement that causes

damages. *See Fasoli v. City of Stamford*, 64 F. Supp. 3d 285, 311 (D. Conn. 2014). The plaintiff

has alleged no actual agreement and no overt act to support a conspiracy claim against

defendants Dzurenda, Quiros, Maldonado, and Sharr. He merely assumes these defendants

conspired to violate his rights because none of them acted in response to his complaints. The

Second Circuit has held that a conspiracy claim must contain more than mere conclusory

allegations. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (vague, general or

conclusory allegations insufficient to state claim for conspiracy). The plaintiff's assumption is

insufficient to state a plausible claim for conspiracy. *See, e.g., Osuch v. Gregory*, 303 F. Supp.

2d 189, 196 (D. Conn. 2004) (dismissing conspiracy claim based on assumption that public

defendant conspired with prosecutor). The conspiracy claim is dismissed pursuant to 28 U.S.C. §

1915A(b)(1).

Because notice to supervisory officials is sufficient to state a plausible claim for supervisory liability, that claim will proceed against defendants Dzurenda, Quiros, Maldonado and Sharr. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (holding that, although insufficient at trial or on summary judgment, allegations that prisoner informed supervisory officials of his claim are sufficient to state a claim for supervisory liability).

The case also will proceed on the claim for deliberate indifference to medical needs against defendant Wright and the supervisory liability claim against defendant Furey.

Although the plaintiff has stated a cognizable claim for use of excessive force against defendants Doe, that claim cannot proceed without the names and current work addresses of Lieutenant Doe and Correctional Officer Doe. The plaintiff shall file a notice containing this information to enable the court to effect service of the complaint on the defendants Doe.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)      The conspiracy claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)      **The Clerk shall** verify the current work address of defendants Dzurenda, Quiros, Maldonado, Sharr, Wright, and Furey with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order. The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required

4

to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)      **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)      **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)      The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7)      All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)      Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

5

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)     The Clerk cannot serve the complaint on Lieutenant John Doe and Correctional Officer John Doe without their full names and current work addresses. The plaintiff is directed to file a notice containing this information within **thirty (30) days** from the date of this order. Failure to timely file the notice may result in the dismissal of the claims against defendants Doe without further notice from the court.

**SO ORDERED** this 1st day of October 2015 at Hartford, Connecticut.

_____/s/_____
Michael P. Shea
United States District Judge

6